UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                               Criminal No. 05-371 DSD/AJB

              Plaintiff,

v.                                                    **REPORT AND RECOMMENDATION**

JOHN SCOTT ALLEN,

              Defendant.

      LeeAnn K. Bell, Esq., and Nate Petterson, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

      Andrew H. Mohring, Esq., Assistant Federal Public Defender, for the defendant, John Scott Allen.

      This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on December 19, 2005, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415. The court issued an Order on Motions dated December 20, 2005, reserving defendant John Scott Allen's motion to suppress statements and motion to suppress search and seizure evidence for submission to the district court on report and recommendation.

      Based upon the file and documents contained therein, along with exhibits received at hearing, the Magistrate Judge makes the following:

**Findings**

      On October 25, 2005, Robbinsdale Police Department Investigator Patrick Foley and uniformed Robbinsdale Police Officer Christine Allen received a police dispatch report of a bank

robbery at the TCF branch located in the Crystal, MN, Cub Foods store. At the time of the dispatch call Officer Allen was in or near her marked squad car in the Robbinsdale Police Department parting lot and Investigator Foley was in another marked squad car in the same vicinity. The Robbinsdale Police Department is located less than one mile from the site of the reported bank robbery and officers Foley and Allen promptly headed for the scene. The officers reached the Cub Foods neighborhood within a couple of minutes and as they were canvassing the area they received a second dispatch report in which the suspect was described as a white male wearing a dark shirt and a purple hat. The report also indicated that the suspect had implied his possession of a weapon in the robbery. Officer Foley was driving north on Regent St. in a residential area two to three blocks south and east of the Cubs Foods store when he observed a white male wearing a black tee shirt running towards the east from behind a house. The man was not seen wearing a purple hat. Foley observed that the man appeared to be out of breath and as he was driving by the man stopped running and began walking south on Regent. Officer Foley made a u-turn on Regent and activated his lights. Meanwhile, Officer Allen was also headed south on Regent and was therefore able to observe Foley's u-turn. She immediately turned on her squad car lights and pulled in behind the suspect. Officer Allen also observed that the man was out of breath and she saw him putting his hand in a pocket. She instructed the defendant to stop walking and to come to her vehicle and place his hands on hood of her squad car. She then placed handcuffs on the defendant and conducted a pat search, during which she felt what appeared to her to be money in a plastic bag. During this time Officer Allen asked the defendant where he was coming from and he responded, "the store." Officer Foley asked the defendant if he was coming from Cub. The defendant said "yes." Defendant was not given the <u>Miranda</u> warning and was not told that he was free to leave by

2

either Officer Foley or Officer Allen, and he was, in fact, not free to leave.

Officer Todd Gustafson of the City of Crystal Police Department then arrived at the scene and recognized the suspect from surveillance video taken at a previous TCF bank robbery. Gustafson was advised of the plastic bag and possible money in the suspect's pocket, and he proceeded to conduct another search of the defendant's person, at which time he pulled a plastic Cub Foods bag and other items from defendant's pockets. As Gustafson was escorting the defendant to Crystal City Police Officer Hart's squad care, the defendant stated, "you know me," and then repeated, "yeah, you know me," to which the officer rhetorically responded, "you're the guy from the last TCF robbery?" The defendant then said, "yeah, I did 'em all." Defendant's comments to Officer Gustafson were not made in response to interrogation by a law enforcement officer.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Pat Searches.** Suppression of evidence obtained as a result of searches of the person of defendant John Scott Allen on October 26, 2005, is not required. Reasonable suspicion justifying the defendant's stop existed under circumstances in which he was observed running out from behind a house in a residential area near the scene of a very recent bank robbery; he appeared to be out of breath; he appeared to be concealing something in a pocket; he was wearing a dark colored tee shirt in cool, fall weather; and he matched the suspect's reported description. Defendant was lawfully stopped and detained and the pat search by Officer Allen was properly conducted for purposes of officer safety, particularly under circumstances in which the bank robber had implied his possession of a weapon and had been observed placing a hand in his pocket. Terry v. Ohio, 392 U.S. 1, 27-30, 88 S.Ct. 1868,

1883-85 (1968).

The subsequent person search by Officer Gustafson was a proper and lawful search for particularly identifiable incriminating evidence based upon probable cause consisting of the evidence establishing reasonable suspicion, along with the officer's initial recognition of the suspect as the person seen in a bank surveillance video of a prior bank robbery, and as further supported by the report from Officer Allen that she believed she had felt money in the defendant's pocket in the earlier pat search. United States v. Bustos-Torres, 396 F.3d 935, 943-45 (8th Cir. 2005).

**Statements.** Defendant John Scott Allen's statements to Investigator Foley and Officer Allen should be suppressed. Defendant's statements to Allen and Foley were in response to questioning by the officers while the defendant was in custody. The stop itself and placing the defendant in handcuffs are not necessarily determinative with respect to whether he had been arrested. United States v. Naverrete-Barron, 192 F.3d. 786, 791 (8th Cir. 1999). However, Officer Allen's certainty that she had discovered cash in her lawful Terry search of the suspect had resulted in the determination by officers that the detention was not temporary and Mr. Allen was not going to be released. He was effectively under custodial arrest at the time he was asked whether he was coming from the Cub store. The Miranda warning had not been given to the defendant and the custodial questioning of the defendant therefore took place in violation of his constitutional rights under Miranda, including the right to remain silent and the right to the assistance of an attorney.

Defendant John Scott Allen's statements to Officer Gustafson were not obtained in violation of the defendant's constitutional rights and suppression of the statements is not required. Defendant's comments to Officer Gustafson while being escorted to a squad car were spontaneous and

voluntary and were not made in response to questioning by the officer.  Though the remarks were made while defendant was in custody, they were not made in response to law enforcement interrogation and were not the product of an unlawful arrest.  The conversation was initiated by the defendant and the officer's response was a mere request for clarification which does not constitute interrogation.  <u>United States v. Chips</u>, 410 F.3d 438, 445 (8th Cir. 2005).  Because the statements were spontaneous and were not a consequence of police interrogation, they were not obtained in violation of the defendant's Fifth Amendment privilege against self-incrimination or other rights under <u>Miranda</u>.  Furthermore, the statements were not the result of defendant's will being overborne through police coercion or pressure and were not obtained in violation of defendant's Fifth Amendment Due Process rights on that account.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant John Scott Allen's Motion to Suppress 10/26/2005 Statement be **denied** [Docket No. 23]; and

2. Defendant John Scott Allen's Motion to Suppress Evidence Obtained as a Result of October 26, 2005 Search and Seizure be **denied** [Docket No. 28].

Dated:      January 12, 2006

 s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 26, 2006.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.